Per Curiam.

The appellants have accepted the findings of the commission that the subject crossings are dangerous and require installation of some type of automatic protective devices, but insist that it is incumbent on the commission to apportion the cost of installation of such devices between the railroads and the governmental agencies involved, as provided for in Section 4907.47, Revised Code, as amended effective September 21, 1961, although the complaints and requests were filed and hearings had before that date when the statute did not so provide, since the commission did not enter its findings and orders until after that date.
Section 1.20, Revised Code, provides that “when a statute *550 is * * * amended, such. * * ^amendment does not affect pending actions, prosecntions or proceedings,” and, when an “amendment relates to the remedy, it does not affect pending actions, prosecutions or proceedings, unless so expressed.”
There is no expressed intention in the amending act (129 Ohio Laws, 313') to make it affect pending proceedings.
These four causes in which complaints had been filed and hearings held before September 21, 1961, were “pending proceedings” on that date, and the cost apportionment feature added to the statute as amended has no application to them.
The orders of the Public Utilities Commission are affirmed.

Orders affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith and Herbert, JJ., concur.
Gibson, J., not participating.